**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Maurice SMITH, Appellant.**

Superior Court of Pennsylvania.

Submitted April 28, 2008.

Filed May 22, 2008.

Karl Baker, Philadelphia, for appellant.

Hugh J. Burns, Jr., Asst. Dist. Atty., for Com., appellee.

BEFORE: KLEIN, TAMILIA and HUDOCK, JJ.

OPINION BY TAMILIA, J.:

¶ 1 Maurice Smith (DOB April 12, 1988) appeals from the March 29, 2007, judgment of sentence of five to twelve years imprisonment imposed after he was found guilty, nonjury, of robbing a woman at gunpoint, stealing her cell phone and $15. Appellant was convicted of robbery,[1] criminal conspiracy,[2] firearms not be carried without a license,[3] possessing a firearm by a minor,[4] and carrying a firearm in public streets of Philadelphia.[5] Appellant, who was one month shy of age 17 at the time of the March 12, 2005, crime, argues only

---

1. 18 Pa.C.S.A. § 3701(A).

2. *Id.* § 903.

3. *Id.* § 6106.

4. *Id.* § 6110.1(a).

5. *Id.* § 6108.

that the court erred by denying his motion for decertification.

¶ 2 Our discussion is guided by the following standard of review.

Decisions of whether to grant decertification will not be overturned absent a gross abuse of discretion. An abuse of discretion is not merely an error of judgment but involves the misapplication or overriding of the law or the exercise of a manifestly unreasonable judgment passed upon partiality, prejudice or ill will.

*Commonwealth v. Ramos*, 920 A.2d 1253, 1257 (Pa.Super.2007), appeal denied 594 Pa. 678, 932 A.2d 1288, 2007 Pa.LEXIS 2058 (Pa. September 26, 2007) (quoting *Commonwealth v. Sanders*, 814 A.2d 1248, 1250 (Pa.Super.2003), appeal denied 573 Pa. 704, 827 A.2d 430 (2003). Under 42 Pa.C.S.A. § 6302, **Definitions, "Delinquent act"** (2)(ii)(D) of the Juvenile Act, the crime of robbery is excluded from the definition of a delinquent act if the actor is over the age of 15; jurisdiction then lies with the criminal court system. It is the juvenile's burden to prove, by a preponderance of the evidence, that transfer to the juvenile court system best serves the public interest and is warranted. *See* 42 Pa. C.S.A. § 6322, *Transfer from criminal proceedings; see also Ramos, supra.* The factors to be considered by the criminal court when addressing a juvenile's petition to decertify his case include the following:

(A) the impact of the offense on the victim or victims;

(B) the impact of the offense on the community;

(C) the threat to the safety of the public or any individual posed by the child;

(D) the nature and circumstances of the offense allegedly committed by the child;

(E) the degree of the child's culpability;

(F) the adequacy and duration of dispositional alternatives available under this chapter and in the adult criminal justice system; and

(G) whether the child is amenable to treatment, supervision or rehabilitation as a juvenile by considering the following factors:

(I) age;

(II) mental capacity;

(III) maturity;

(IV) the degree of criminal sophistication exhibited by the child;

(V) previous records, if any;

(VI) the nature and extent of any prior delinquent history, including the success or failure of any previous attempts by the juvenile court system to rehabilitate the child;

(VII) whether the child can be rehabilitated prior to the expiration of the juvenile court jurisdiction;

(VIII) probation or institutional reports, if any;

(IX) any other relevant factors[.]

42 Pa.C.S.A. § 6355, **Transfer to criminal proceedings (a) General rule.—(4)(iii).**

¶ 3 At the commencement of the October 20, 2005, decertification hearing, the court stated that in preparation for the hearing it had reviewed "the notes of testimony from the preliminary hearing and the police discovery and the Defendant's J[uvenile] file and school records. [It had] also reviewed the Juvenile Special Defense Unit psychsocial [sic] summary and the psychological evaluation and placement letter supplied to [it] by Defense Counsel." N.T., 10/20/05, at 3–4. Evidence presented established that appellant was intelligent, but he lacked common sense. Appellant's experience with the juvenile court system did not begin with the robbery charge under consideration. Previously, after having been adjudicated delinquent for the

unauthorized use of a motor vehicle and criminal conspiracy, a dispositional Order had been entered imposing a term of probation. Appellant violated the terms of that probation, however, and was committed for a one-year period to the Glen Mills residential facility where, admittedly, he thrived academically. Less than six months after leaving Glen Mills, and only one month following his completion of Glen Mill's aftercare probation, appellant committed the crimes for which he was before the court; with the help of an accomplice, appellant stuck the barrel of a loaded, .38 caliber handgun into his victim's stomach and demanded her money.[6]

¶ 4 In denying appellant's petition for decertification, the court acknowledged appellant's "book smarts," but, in light of appellant's self-destructive, criminal behavior, chose not to succumb to "intellectual elitism." N.T. at 11. The court reasoned,

I have to ask myself if it turns out that these allegations are true, then given the seriousness of what you're charged with doing in this case and everything in your background, including the failed attempts to put you on another path, a path much more appropriate for [him] given [his] intelligence, by the juvenile system, is it in the public's best interest to send you back to juvenile court again?

I have to answer no, it's not. No, it's not.

The juvenile system has done its best for you already and you haven't failed because of some intellectual inability or emotional or mental health issue or even a substance abuse issue that would interfere with your ability to bring your considerable intellectual prowess to bear on issues like behavior choices.

There's nothing obvious, from this record, standing in the way of you making the right choices in these situations rather than the wrong choices.

*Id.* at 14–15.

¶ 5 Appellant proceeded to trial and was found guilty as charged. At the March 29, 2007, sentencing proceeding, which occurred less than one month before appellant was to turn 19, appellant apologized half-heartedly to his victim, but refused to take responsibility for his actions, stating, "I was in the wrong place at the wrong time. I was going to school. I'm not the bad person the Court's made me out to be. You seen my accomplishments. *I think you should look past all this nonsense they say I did.* I got found guilty. Evidently I was there." N.T., 3/29/07, at 11 (emphasis added).

¶ 6 We find the trial court did not abuse its discretion by denying appellant's petition for decertification; the record supports the court's decision to try appellant as an adult. In the quoted statements by appellant, he exhibited a hardness of heart and a mind without regard for social consequences. These are the classic predictors which, along with the inability of a premier program such as Glen Mills School to effectuate change and the well-researched social and psychological history reviewed by the trial court, determined the judgment of sentence.

¶ 7 Judgment of sentence affirmed.

---

**6.** Additionally, it must be noted that at the call of this case, appellant fled from the court and remained a fugitive until he was arrested on other charges.