995 A.2d 326 (2010)
COMMONWEALTH of Pennsylvania
v.
In re E.F.,
Appeal of E.F.
No. 4 EAP 2009.
Supreme Court of Pennsylvania.
Argued October 20, 2009.
Decided May 26, 2010.
*327 Ellen T. Greenlee, Karl Baker, Marissa Boyers Bluestine, Ellen McBennet, Defender Association of Philadelphia, for E.F.
Hugh J. Burns, Jr., Peter Carr, Philadelphia District Attorney's Office, for Commonwealth of Pennsylvania.
BEFORE: CASTILLE, C.J., SAYLOR, EAKIN, BAER, TODD, McCAFFERY, GREENSPAN, JJ.

OPINION
Justice BAER.
This appeal concerns whether the Superior Court erred by reversing the trial court's order, which denied the Commonwealth's petition to certify E.F. for trial as an adult. We hold that the Superior Court applied an incorrect standard of appellate review when it disturbed the trial court's ruling absent an abuse of discretion. Accordingly, we reverse the order of the Superior Court, and reinstate the order of the trial court denying certification.
On November 18, 1998, when E.F. ("Juvenile") was twelve years old, he sexually assaulted a seven year-old female child ("Child").[1] At the time, Juvenile's father had been engaged to and cohabited with Child's mother. While Juvenile did not reside in Child's home, he would visit twice a month, and, at times, would stay overnight. During some of these visits, Juvenile performed sexual acts upon Child while the two slept in the same room. The sexual contact ceased in 2000, when the parents of Juvenile and Child broke-up, after which Juvenile had no further contact with Child. Later that year, while in group therapy following hospitalization at Friend's Hospital in Philadelphia, Child disclosed that she had been sexually assaulted, but did not reveal Juvenile's identity. It was not until 2006, that Child identified Juvenile as the individual who had assaulted her.
On September 28, 2006, when Juvenile was four months shy of his twenty-first birthday, he was arrested and charged with several sexual offenses, stemming from his 1998-2000 contacts with Child. At his preliminary hearing, held on January 19, 2007, which was seven days before Juvenile turned twenty-one, Child testified regarding the sexual assaults. Based on this evidence, the trial court found that the Commonwealth had established a prima facie case of two felony-grade offenses, namely, statutory sexual assault and sexual assault,[2] when Juvenile was age twelve to fourteen. Immediately thereafter, the trial court proceeded to conduct a certification hearing, at which Child testified that over the past few years she had noticed a change in her emotional stability, and that she has had a hard time dealing with men because of this and other incidents that have happened to her throughout her life. Further, Child indicated that emotional *328 problems arising from Juvenile's sexual abuse culminated in her being hospitalized for depression in 2000.
Michael Braciszewski, Juvenile's probation officer, testified against certifying Juvenile to stand trial as an adult, and presented evidence in the form of a psychological evaluation that indicated Juvenile was not in current need of any rehabilitation or treatment. Braciszewski explained that in his nineteen years of serving as a juvenile probation officer, during which he supervised nearly 1,000 children, with the exception of Juvenile, he had never been assigned to supervise a child with no psychological diagnosis. Notes of Testimony, Certification Hearing dated Jan. 19, 2007, at 69. Further, the evidence established that Juvenile had never been in any other trouble, graduated from high school, and was attending a community college without incident. Finally, the evidence demonstrated that Juvenile had participated in Youth Build, a vocational preparation program, had volunteered at the Geiger Memorial Brethren Church during the summers of 2000-2004, and continued to work there.
The trial court acknowledged the detrimental consequences Child suffered as a result of the sexual assaults, including hospitalization for depression and extensive therapy. Based on the evidence presented, however, it concluded that Juvenile, at nearly twenty-one years of age, did not pose a threat to the safety of the community or any individual, notwithstanding the acts of delinquency that he committed when he was twelve to fourteen years of age. Further, it found no current deviancy or pathology based upon the psychological evaluation and other evidence. The court emphasized that Juvenile's "age at the time of the offenses reveal[s] a level of immaturity and experimentation that no one was able to discover because of the family bonds that existed." Trial Court Opinion at 3. Thus, the court concluded that Juvenile was "amenable to treatment in juvenile court" even though he was one week from his twenty-first birthday. Id. The court noted that while Juvenile was not then in need of professional psychological care, Child would have benefited from a court-imposed expression of remorse, had Juvenile's impending majority not prevented the court from supervising such an act of apology.
In an unpublished memorandum, the Superior Court reversed, and remanded the case for further proceedings in adult criminal court.[3] It held that the trial court's denial of certification did not comport with the purposes of the Juvenile Act, 42 Pa. C.S. § 6301 et seq., and constituted an abuse of discretion. Considering that the certification hearing took place seven days before Juvenile's twenty-first birthday, the court held that there were no adequate dispositional alternatives available for him, and he was not amenable to treatment, supervision, or rehabilitation as a juvenile pursuant to Section 6355(a)(4)(iii)(F), and (G) of the Juvenile Act. Additionally, pursuant to Section 6355(a)(4)(iii)(A),(D), and (E), the Superior Court found that there were reasonable grounds to believe that the public interest could only be served by transferring the case for prosecution in adult criminal court because the offenses indisputably had a traumatic impact on the victim, and because the nature of the offenses supported a prima facie case of statutory sexual assault perpetrated by Juvenile over the course of years.
*329 This Court granted allocatur to consider the following issues:
(1) Whether the Superior Court erred in finding a gross abuse of discretion where the trial court fairly balanced all aspects required of the Juvenile Act in determining that [Juvenile] should not be tried as an adult for acts which occurred when he was but 14 years old, and where he had no further contacts with the criminal justice system in the intervening six years.
(2) Whether, under principles of equity, taking into account [Juvenile's] transformation into a productive member of society, the lapse of seven years between the delinquent act and the certification hearing, and the serious negative consequences of a possible adult conviction, the trial court correctly refused to certify [Juvenile's] case to adult criminal court.
Initially, we note that the "ultimate decision of whether to certify a minor to stand trial as an adult is within the sole discretion of a juvenile court." Commonwealth v. Jackson, 555 Pa. 37, 722 A.2d 1030, 1034 (1999). An appellate court may not disturb a certification ruling unless the juvenile court committed an abuse of discretion.[4]Id. at 1032. The existence of facts in the record that would support a contrary result does not demonstrate an abuse of discretion. Id. Rather, "the court rendering the adult certification decision must have misapplied the law, exercised unreasonable judgment, or based its decision on ill will, bias, or prejudice." Id.
One of the stated purposes of the Juvenile Act is to provide to children who commit delinquent acts "programs of supervision, care and rehabilitation which provide balanced attention to the protection of the community, the imposition of accountability for offenses committed and the development of competencies to enable children to become responsible and productive members of the community." 42 Pa.C.S. § 6301(b)(2).
Pursuant to the Juvenile Act, a case can be transferred to adult criminal court if there is a prima facie case that the child committed the delinquent act alleged, the delinquent act would be considered a felony if committed by an adult, and if there are reasonable grounds to believe that the public interest would be served by the transfer of the case for criminal prosecution. Id. at § 6355(a)(4)(i)-(iii). It is the public interest factor which is at issue here, as it is undisputed that Juvenile committed a delinquent act that would be considered a felony if committed by an adult. In determining whether the public interest can be served by certifying a juvenile as an adult, the Juvenile Act mandates courts to consider the following factors:
(A) the impact of the offense on the victim or victims;
(B) the impact of the offense on the community;
(C) the threat to the safety of the public or any individual posed by the child;
(D) the nature and circumstances of the offense allegedly committed by the child;
(E) the degree of the child's culpability;

*330 (F) the adequacy and duration of dispositional alternatives available under this chapter and in the adult criminal justice system; and
(G) whether the child is amenable to treatment, supervision or rehabilitation as a juvenile by considering the following factors:
(I) age;
(II) mental capacity;
(III) maturity;
(IV) the degree of criminal sophistication exhibited by the child;
(V) previous records, if any;
(VI) the nature and extent of any prior delinquent history, including the success or failure of any previous attempts by the juvenile court to rehabilitate the child;
(VII) whether the child can be rehabilitated prior to the expiration of the juvenile court jurisdiction;
(VIII) probation or institutional reports, if any;
(IX) any other relevant factors....
42 Pa.C.S. § 6355(a)(4)(iii).
Significantly, Section 6355(g) of the Juvenile Act places the burden of proof upon the Commonwealth to establish, by a preponderance of the evidence, that the public interest is served by the transfer of the case to criminal court and that a child is not amenable to treatment, supervision, or rehabilitation as a juvenile. 42 Pa.C.S. § 6355(g).[5]
Juvenile asserts that the Superior Court erred by reversing the trial court's exercise of discretion because the trial court fairly balanced all of the aforementioned requirements of the Juvenile Act, and relied upon ample evidence of record to support its decision not to certify the case to adult criminal court. Juvenile emphasizes that the Commonwealth bore the burden of proof, and failed to satisfy this burden, as the only evidence it presented at the amenability stage was the victim's testimony, which established the deleterious effects she suffered as a result of the assaults. This evidence, argues Juvenile, did not address the impact the offense had on the community, his amenability to treatment as a juvenile, or whether he posed a threat to the safety of the public or another individual.
Juvenile asserts that, contrary to the Commonwealth's contentions, he presented, and the trial court accepted, evidence demonstrating that he had no instances of misconduct in the more than six years since he committed the offenses, and posed no threat to the public or any individual. Juvenile's probation officer, he emphasizes, based his recommendation to deny certification on a number of factors including: his lack of arrests or involvement with the juvenile system; stable family life; high school graduation and enrollment in college; good grades and attendance in school; volunteer work at a church camp for four summers; and, significantly, a psychological evaluation indicating that Juvenile did not suffer from any psychological disorders and, thus, was not in need of any type of treatment or supervision. The trial court acted within its discretion in denying certification, Juvenile asserts, because he had committed the delinquent acts while he was a youngster, six years before ever being charged, and had, in the intervening years, fulfilled the goals of the *331 Juvenile Act by becoming a responsible and productive member of the community. Otherwise, Juvenile argues, if tried as an adult and ultimately convicted, Juvenile could face incarceration in a state penitentiary and adherence to Megan's Law II[6] registration requirements for offenses he committed when he was a child.
Juvenile further contends that in reversing the trial court, the Superior Court focused improperly on a single aspect, his age at the time of the certification hearing, as opposed to balancing the various factors required by the Juvenile Act. Based on the proximity of his twenty-first birthday, the Superior Court concluded that there were no dispositional alternatives available to him in the juvenile system, and, thus, he was not amenable to treatment as a juvenile. Juvenile points out that whether a juvenile is amenable to treatment does not depend upon the time available for rehabilitation, especially where the record indisputably demonstrates that he has already been rehabilitated in the several years since the delinquent act was committed. The Superior Court's determination, he suggests, creates an impossible situation wherein a child who does not need treatment is automatically deemed to be not amenable to treatment under the Juvenile Act. Under the Superior Court's holding, Juvenile argues, where the juvenile has already achieved the laudatory societal goal of the Juvenile Act by becoming a productive member of the community, he must nevertheless be prosecuted as an adult. This result, Juvenile maintains, is untenable, and turns the Juvenile Act on its head. Finally, Juvenile urges this Court to take into account equity principles, which are at the heart of the Juvenile Act, as a basis to reinstate the trial court's decertification order.
In response, the Commonwealth contends that Juvenile's arguments as to why his case should be adjudicated in juvenile court are moot because he is no longer under the age of twenty-one,[7] and, thus, the juvenile court is incapable of exercising jurisdiction over him. According to the Commonwealth, Juvenile must be tried in adult criminal court, as that is the only court that has jurisdiction. It relies on Section 6302 of the Juvenile Act, which defines "child" as an individual "under the age of 21 years who committed an act of delinquency before reaching the age of 18 years."[8] Because Juvenile is no longer under the age of twenty-one, the Commonwealth submits, the instant appeal is moot, and should not be considered by this Court because it poses narrow and fact-intensive claims that would impact only Juvenile's case.
As to the merits of the certification issue, the Commonwealth submits that the Superior Court did not err in reversing the trial court because it exercised unreasonable judgment and abused its discretion by denying the petition for *332 certification. The statutory factors overwhelmingly favored the transfer of this case to adult criminal court, the Commonwealth maintains, because the certification hearing was held one week before Juvenile's twenty-first birthday, at which point the trial court would have lost jurisdiction over the matter. Consequently, it argues, there was insufficient time for the juvenile system to provide adequate dispositional alternatives, which rendered Juvenile unamenable to treatment, rehabilitation, or supervision in the juvenile system. Moreover, the Commonwealth argues, the offenses were extremely serious ones that caused devastating psychological consequences to the victim, and, by their nature, undermined the public's sense of security. It emphasizes that Juvenile was fully culpable for his offenses, and continued them for an extraordinary amount of time without appreciating the wrongfulness of his actions. The Commonwealth further contends that Juvenile's attempt to invoke principles of equity is misguided as the requisites governing certification have been enacted by the Legislature, and are contained in the Juvenile Act. Thus, equity cannot provide Juvenile relief where the statutory requirements are not satisfied. The Commonwealth additionally asserts that Juvenile has no right to invoke equity because he comes before the court with unclean hands, as his criminal conduct is at the heart of this case.
We begin our analysis by summarily rejecting the Commonwealth's allegation that this case is moot because Juvenile has reached the age of majority. The issue before us is not whether the trial court currently has jurisdiction to adjudicate Juvenile delinquent; rather, the issue on appeal is whether the Superior Court erred by concluding that the trial court abused its discretion by denying the Commonwealth's certification petition. It is undisputed that Juvenile was under the age of twenty-one when the trial court entered its order, and the fact that Juvenile has passed the age of twenty-one during the pendency of the appeal does not render the instant case moot. See Public Defender's Office v. Venango County Court of Common Pleas, 586 Pa. 317, 893 A.2d 1275, 1279 (2006) (providing that a case is moot if it involves litigants who clearly had standing to sue at the outset of the litigation, but changes in the fact or law occurred after the action is filed, which deprived the litigant of the necessary stake in the outcome). It is undeniable that Juvenile will be affected by the outcome of this appeal, as our ruling will determine whether he is prosecuted for sexual assault in adult criminal court.
Proceeding to the merits of the issue, we agree with Juvenile that the Superior Court invaded the adjudicatory function of the trial court by disturbing that court's ruling when it did not commit an abuse of discretion by misapplying the law, exercising unreasonable judgment, or basing its decision on ill will, bias, or prejudice. Commonwealth v. Jackson, 722 A.2d at 1032. As Juvenile points out, there was ample evidence to support the trial court's conclusion that the Commonwealth failed to meet its burden of proving "that the public interest is served by the transfer of the case to criminal court and that a child is not amenable to treatment, supervision, or rehabilitation as a juvenile." 42 Pa.C.S. § 6355(g). As Juvenile cogently notes, the Commonwealth failed to satisfy its burden in this regard, as the only evidence it presented was the testimony of Child, which established that Juvenile committed the delinquent acts, and that such acts caused grave harm to Child. Although he bore no burden of proof, Juvenile presented evidence establishing that the offenses *333 occurred when he was twelve to fourteen years of age, and that he has never had any other charges filed against him in the more than six years between the last incident and his arrest on the charges underlying this case. Additionally, Juvenile demonstrated that he has completed high school, attends college, and volunteered at a church program on a regular basis. Most importantly, Juvenile established that he does not suffer from any psychological impairment, and has no need for any treatment, supervision, or rehabilitation. The Commonwealth did not, in any meaningful way, challenge this evidence, which was vital to the certification determination. As such, the Commonwealth is limited on appeal to the record it created at trial. Thus, based on the record before us, we conclude that the trial court acted within its discretion in denying certification.
We further reject the Superior Court's determination that Juvenile should be prosecuted for sexual offenses as an adult because his near-majority age at the time of the certification hearing precludes him from being amenable to treatment under the Juvenile Act. To the contrary, the record indisputably establishes that Juvenile is not currently in need of treatment at all, and, as noted, has somehow, whether through the passage of time, the influence of adults in his life, self-examination, or the like, managed to fulfill the goals required by the Juvenile Act without intervention by the juvenile court system. In sum, this case is unique as it involves serious charges of repeated delinquent acts committed by a child who has rehabilitated himself before he attained the age of twenty-one. It is not for this Court, or for any appellate court, to second guess the evidence of rehabilitation presented to and accepted by the trial court. It is further not the role of an appellate court to reweigh the statutory factors to conclude that the seriousness of the offense and the deleterious effects suffered by the victim warrant certification. While the Superior Court may have disagreed with the trial court's ultimate conclusion, where there was no misapplication of the law and the trial court's judgment was reasonable, supported by the record, and unbiased, it should have been left undisturbed. See generally In re Adoption of Atencio, 539 Pa. 161, 650 A.2d 1064, 1066 (1994) (holding that the Superior Court applied an incorrect standard of review when it reversed the trial court's denial of a petition to involuntarily terminate parental rights because the evidence, while sufficient to support a denial of the petition, also supported a contrary conclusion).
This holding is supported by our previous decision in Jackson, supra. There, following a certification hearing, the trial court ordered the sixteen-year-old defendant to be tried as an adult. A jury subsequently convicted him of robbery and related offenses. On appeal, the defendant contended that the trial court abused its discretion by transferring his charges to adult criminal court. The Superior Court agreed, reversed the defendant's judgment of sentence, and remanded for adjudication in the juvenile court. Specifically, it concluded that the trial court abused its discretion in granting certification without explaining why it chose to disregard the probation officer's recommendation. This Court reversed, emphasizing that the Juvenile Act places no greater or lesser weight on a probation officer's report than any other of the statutory factors. Id. at 1033. Our decision rested on the premise that "[t]he ultimate decision of whether to certify a minor to stand trial as an adult is within the sole discretion of a juvenile court." Id. at 1034. Because the trial court did not misapply the law, exercise unreasonable judgment, *334 or base its decision on ill will, bias, or prejudice, we concluded that the Superior Court erred in finding an abuse of discretion in Jackson. The same is true in the instant case.[9]
Accordingly, for the reasons set forth herein, we reverse the order of the Superior Court, and reinstate the order of the trial court denying the Commonwealth's certification petition.
Justice GREENSPAN did not participate in the decision of this case.
Chief Justice CASTILLE, Justices SAYLOR, EAKIN, TODD and McCAFFERY join the opinion.
NOTES
[1] Juvenile was born on January 26, 1986, and Child was born on November 18, 1991.
[2] 18 Pa.C.S. §§ 3122.1, 3124.1, respectively.
[3] The three-member panel of the Superior Court consisted of Judge, now Justice, Orie Melvin, Judge Lally-Green, and Judge Shogan. Judge Lally-Green concurred only in the result reached by the majority.
[4] In Jackson, our Court used the term "gross abuse of discretion" in describing the appropriate standard of review in a certification matter. 722 A.2d at 1032 (citing Commonwealth v. Moss, 518 Pa. 337, 543 A.2d 514, 516 (1988)). However, this Court has held that "there is no distinction between a gross abuse of discretion standard of review and an abuse of discretion standard," and that "the term `gross' is merely surplusage which does not alter the standard of review." Jacobs v. Halloran, 551 Pa. 350, 710 A.2d 1098, 1101 n. 5 (1998). Thus, we refer to the standard of review as "abuse of discretion" throughout this opinion.
[5] While Section 6355(g) sets forth exceptions where the Commonwealth does not bear the burden of proof, none of the exceptions apply here. See 42 Pa.C.S. § 6355(g)(1) and (2) (noting that the exceptions apply in circumstances where the child was fourteen years of age and used a deadly weapon or was fifteen years of age and had previously been adjudicated delinquent of an enumerated offense).
[6] Act of May 10, 2000, P.L. 74, as amended, 42 Pa.C.S. § 9791-9799.7.
[7] At the time the appellate briefs were filed, Juvenile was twenty-three years old.
[8] Section 6302 defines "child" as an individual who:

(1) is under the age of 18 years;
(2) is under the age of 21 years who committed an act of delinquency before reaching the age of 18 years; or
(3) was adjudicated dependent before reaching the age of 18 years and who, while engaged in a course of instruction or treatment, requests the court to retain jurisdiction until the course has been completed, but in no event shall a child remain in a course of instruction or treatment past the age of 21 years."
42 Pa.C.S. § 6302.
[9] Having concluded that the trial court applied properly the requisites of the Juvenile Act, which govern the certification of a minor to adult criminal court, we need not address Juvenile's second issue, which seeks relief based on principles of equity.