J-S05001-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| NAVON STEADMAN, | : | |
| | : | |
| Appellant | : | No. 769 WDA 2013 |

Appeal from the Judgment of Sentence February 5, 2013,
Court of Common Pleas, Allegheny County,
Criminal Division at No. CP-02-CR-0015975-2011

BEFORE:  DONOHUE, SHOGAN and STABILE, JJ.

MEMORANDUM BY DONOHUE, J.:                    **FILED JANUARY 20, 2015**

Navon Steadman ("Steadman") appeals from the judgment of sentence entered following his convictions of carrying a firearm without a license and criminal trespass. On appeal, Steadman challenges only the trial court's denial of his motion to transfer his case to juvenile court.  Following our review, we affirm.

The relevant factual and procedural histories may be summarized as follows.  On December 16, 2011, sixteen-year-old Steadman and another male knocked on the door of Mae Fox's residence in East Pittsburgh, Allegheny County.  Jacquarry Benzo opened the door, at which time Steadman and his compatriot burst past Mr. Benzo and entered the residence.  A brief struggle ensued, in which both Steadman and the other assailant brandished firearms.  Ms. Fox, who was upstairs, heard this

struggle. She began to yell and both intruders fled from the residence. As the result of an investigation, the police apprehended Steadman the next day. They found an operable firearm in his possession.

Steadman was charged as an adult with robbery, burglary, aggravated assault and conspiracy. He filed a motion seeking to have his case transferred to juvenile court, as his was a minor at the time of the offense. Following a hearing, the trial court denied Steadman's motion. Steadman ultimately pled guilty to carrying a firearm without a license and criminal trespass. He was sentenced to a term of imprisonment of one year less one day to two years less two days, followed by three years of probation. Steadman filed a post-sentence motion asking the trial court to reconsider the sentence imposed as well as its prior determination to deny the motion to transfer to juvenile court. The trial court denied Steadman's post-sentence motion and this timely appeal followed.

As noted above, on appeal Steadman challenges only the trial court's decision not to grant his petition for decertification and to transfer his case to juvenile court. Steadman's Brief at 4. Our review of this issue is guided by our standard of review, which provides that "decisions of whether to grant decertification will not be overturned absent a gross abuse of discretion." *Commonwealth v. Smith*, 950 A.2d 327, 328 (Pa. Super. 2008) (citation omitted). An abuse of discretion is not simply an error of judgment, but a misapplication or overriding of the law, or the exercise of

manifestly unreasonable judgment based on partiality, prejudice or ill will.

*Id.*

> Pursuant to 42 Pa.C.S.A. § 6322(a), when a juvenile has committed a crime, which includes murder, or any of the other offenses listed under paragraph (2)(ii) or (iii) of the definition of "delinquent act" in 42 Pa.C.S.A. § 6302, the criminal division of the Court of Common Pleas is vested with jurisdiction. Likewise, 42 Pa.C.S.A. § 6355(e) explains that charges of murder, or any of the other offenses listed under paragraph (2)(ii) or (iii) of the definition of "delinquent act" in 42 Pa.C.S.A. § 6302, requires that the offense be prosecuted in the criminal division. "Robbery," when committed with a deadly weapon, is one of the offenses listed which requires jurisdiction to vest in the criminal division. 42 Pa.C.S.A. § 6302.
>
> When a case goes directly to criminal division, the juvenile has the option of requesting treatment within the juvenile system through a transfer process of "decertification." [*Commonwealth v.*] *Aziz*, 724 A.2d [371,] [] 373 [Pa Super. 1999)]. In determining whether to transfer such a case from criminal division to juvenile division, "the child shall be required to establish by a preponderance of the evidence that the transfer will serve the public interest." 42 Pa.C.S.A. § 6322(a). *See also*, *Aziz*, 724 A.2d at 373.

*Commonwealth v. Sanders*, 814 A.2d 1248, 1250 (Pa. Super. 2003).

When determining whether the juvenile has established that a transfer to juvenile court will serve the public interest, § 6322 of the Juvenile Act requires the trial court to consider factors set forth in § 6355(a)(4)(iii). 42 Pa.C.S.A. § 6322(a). These factors are as follows:

(A) the impact of the offense on the victim or victims;

(B) the impact of the offense on the community;

(C) the threat to the safety of the public or any individual posed by the child;

(D) the nature and circumstances of the offense allegedly committed by the child;

(E) the degree of the child's culpability;

(F) the adequacy and duration of dispositional alternatives available under this chapter and in the adult criminal justice system; and

(G) whether the child is amenable to treatment, supervision or rehabilitation as a juvenile by considering the following factors:

  (I) age;

  (II) mental capacity;

  (III) maturity;

  (IV) the degree of criminal sophistication exhibited by the child;

  (V) previous records, if any;

  (VI) the nature and extent of any prior delinquent history, including the success or failure of any previous attempts by the juvenile court to rehabilitate the child;

  (VII) whether the child can be rehabilitated prior to the expiration of the juvenile court jurisdiction;

  (VIII) probation or institutional reports, if any;

(IX) any other relevant factors[.]

42 Pa.C.S.A. § 6355 (a)(4)(iii). The Juvenile Act is silent as to the weight to be assessed to each factor by the court, as the ultimate decision whether to grant decertification is within the trial court's sole discretion. *Commonwealth v. Jackson*, 722 A.2d 1030, 1033-34 (Pa. 1999). "A decertification court must consider all of the factors set forth in Section 6355 of the Juvenile Act, but it need not address, *seriatim*, the applicability and importance of each factor and fact in reaching its final determination." *Sanders*, 814 A.2d at 1251.

In the present case, there is no dispute that Steadman was charged with an offense that properly vested jurisdiction in the criminal court.[1] Steadman challenges only the trial court's application of the § 6355(a)(4)(iii) factors and subsequent denial of his petition seeking to transfer his case to juvenile court. The trial court explained its decision at length both at the decertification hearing and in its opinion issued pursuant to Pa.R.A.P. 1925(a). In its written opinion, the trial court stated,

> In this case, [Steadman] did not demonstrate by a preponderance of evidence that transferring this case to juvenile court would serve the public interest. This [c]ourt considered all of the evidence offered at the transfer hearing. The record reflects that [Steadman] was adjudicated delinquent in two prior

---

[1] *See* 42 Pa.C.S.A. § 6302 (providing that the definition of delinquent act excludes "[r]obbery as defined in 18 Pa.C.S.[A.] § 3701(a)(1)(i), (ii) or (iii)" when a deadly weapon was used in the commission of the offense).

juvenile cases. [Steadman] demonstrated a history involving the possession of firearms. The offense of conviction in this case involved a robbery in which [Steadman] participated in a home invasion with a firearm. [Steadman] did present the testimony of a psychiatrist who testified that he had interviewed [Steadman] and reviewed some records relating to [Steadman] and he opined that [Steadman] was amenable to treatment in the juvenile system. The psychiatrist conceded on cross-examination that he did not review a number of records relating to the prior criminal cases involving [Steadman]. After hearing the testimony and reviewing the exhibits submitted by the parties, this [c]ourt stated,

> The testimony at the preliminary hearing — again — it's only prima facie — but the testimony supported that he actually was the aggressor and the other stood by. That is significant to the Court because as Ms. Mantella argues, it's more than just amenability to treatments … . It's the dangerousness to the community and the impact on the community, the impact on the victim.
>
> Home invasions are about as bad as you can get. People are home minding their own business and people burst in with guns. You can't get much more dangerous than that. It can't undermine the security of people in the community such as that.
>
> ***
>
> The Court is very troubled by the defendant's penchant for possession of firearms. He was adjudicated in the past. He was adjudicated of possessing a firearm the date after this event along apparently with controlled substances.
>
> ***

- 6 -

> I think a society that doesn't recognize the future consequences of how you treat a juvenile isn't a very enlightened one and that being said, I try to lean as much as I can towards a juvenile doctor in trying to be treated as a juvenile but Mr. Steadman in this case won't quit involving himself with firearms and in this case he is using firearms to rob people in their own homes and the conduct is so dangerous, that in my view, in balancing the interest of Mr. Steadman and his amenability to treatment, which I found counsel has given evidence that he is amendable [sic], balancing that with society's interest, I have to lean in this case to keeping this case in adult court due to the dangerousness in the community, the ongoing involvement with the defendant in firearms and in escalating involvement with firearms and the impact on the community.
>
> Based on the foregoing comments, the public interest would not be served by transferring this case to juvenile court.

Trial Court Opinion, 9/18/13, at 6-7.

Steadman first argues that it was manifestly unreasonable for the trial court to find that he is amenable to treatment but ultimately conclude that decertifying the case to juvenile court did not serve the public interest. In making this argument, Steadman highlights testimony offered by his expert witness, Ronald Neeper, M.D., Ph.D., that there is a correlation between amenability to treatment and reduction in recidivism. Steadman's Brief at 16, 18. He argues that in light of this testimony, the trial court's decision

not to transfer the case to juvenile court is logically incompatible with its conclusion Steadman is amenable to treatment. *Id.* at 16.

We cannot agree. The record reveals that in March 2011, Steadman received an adjudication of delinquency regarding the possession of a firearm. N.T., 3/23/11, at 5, 29. When he committed the offense underlying this appeal, he not only possessed a weapon but brandished it in the course of the break-in. When arrested by the police for that incident, Steadman was again found to be in possession of a firearm.[2] *Id.* at 5. In light of this evidence, we find no abuse of discretion in the trial court's conclusion that transferring the case to juvenile court would not serve the protection of the public, despite its finding that Steadman was amenable to treatment. In essence, the trial court found that the history of gun possession and the nature of the offense outweighed Dr. Neeper's testimony that Steadman was amendable to treatment. All three of these considerations can be found in the § 6355 (a)(4)(iii) factors. The statute is silent as to the weight to be afforded each factor, as that is left to the discretion of the trial court. *Jackson*, 722 A.2d at 1034. Steadman's argument is really that he is dissatisfied that the trial court ascribed more weight to the nature of the offense with which Steadman was charged and Steadman's history of possession firearms than to Dr. Neeper's testimony

---

[2] Steadman was subsequently adjudicated delinquent for possessing a firearm on the date of his arrest, as well. N.T., 3/23/12, at 5.

that Steadman was amenable to treatment. As an appellate court, we may not reweigh the § 6355(a)(4)(iii) factors. *See Com. v. E.F.*, 995 A.2d 326, 333 (Pa. 2010); *Sanders*, 814 A.2d at 1252. Accordingly, this argument cannot succeed.[3]

Next, Steadman argues that the trial court misapplied the law when it concluded that decertification would not serve the public interest. Steadman makes this argument by distinguishing his case, on the facts, from other cases in which this Court has affirmed the denial of a petition seeking transfer to juvenile court. *See* Steadman's Brief at 19-20. Specifically, Steadman cites to *Commonwealth v. Ramos*, 920 A.2d 1253 (Pa. Super. 2007) and *Commonwealth v. Ruffin*, 10 A.3d 336 (Pa. Super. 2010), to argue that a need to protect the public arises when the juvenile has committed a string of criminal offenses and/or when the juvenile is close to the age of majority such that he would age out of the juvenile system before

---

[3] Steadman also argues that the trial court's fixation on Steadman's adjudications for possession of a firearm was unreasonable in light of Dr. Neeper's testimony that Steadman feels the need to possess a firearm because "he substantially believes that his safety is at risk due to the violent attacks on his family and friends" that Steadman has witnessed. *Id.* at 17. This argument, too, is truly a complaint regarding the weight the trial court gave to Steadman's history of possession of firearms, and so it cannot succeed. *See E.F.*, 995 A.2d at 333. Additionally, we point out this argument ignores the fact that Steadman was not merely found to be in possession of a firearm in the present case; rather, he used this gun in the course of his violent break-in of an occupied home. It also ignores Dr. Neeper's concession that his impression that Steadman carries firearms only out of fear for his own safety was inconsistent with the fact that he used a firearm to commit a violent crime. N.T., 3/23/12, at 26.

he could be meaningfully rehabilitated, and then points out that "th[e] present case lacks … these elements." Steadman's Brief at 20. Steadman is wrong. There is no bright-line rule to determine when decertification will serve the public interest; rather, the trial court is required to consider the factors contained in § 6355(a)(4)(iii) to make this determination. 42 Pa.C.S.A. § 6322(a); **Sanders**, 814 A.2d at 1251. Each case that comes before a trial court is unique, and the trial courts have discretion to take the unique circumstances into consideration, weigh the factors accordingly and render individualized decisions. As discussed above, we found no abuse of discretion in the trial court's decision to deny Steadman's petition to transfer to juvenile court; the absence of certain factors present in other cases does not change our determination. This argument fails, as well.[4]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/20/2015

---

[4] Here, Steadman again complains of the weight the trial court attributed to his history with firearms and Dr. Neeper's testimony regarding the underlying psychological reason that Steadman carries firearms and the chance for rehabilitative treatment services available in the juvenile system. **Id.** at 21-22. Yet again, Steadman is in effect asking us to reweigh the § 6355(a)(4)(iii) factors, which we cannot do. **Com. v. E.F.**, 995 A.2d at 333; **Sanders**, 814 A.2d at 1252.

- 10 -